P. CANNIZZARO & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9810. Promulgated March 24, 1930.

*George E. H. Goodner, Esq.,* for the petitioner.
*John D. Kiley, Esq.,* and *John E. Marshall, Esq.,* for the respondent.

OPINION.

BLACK: There have been three hearings of this case, at two of which evidence was heard, and on the hearing of various motions a number of affidavits have been filed. On account of the destruction or loss of the books and the inexperience of the bookkeeper, there has been some confusion of the facts, and this has been added to by the change of theory of the petitioner.

In its tax returns and original and amended petitions and at the first hearing, the petitioner contended that it was the owner of the 400,000 lire, that the decline in value occurred before December 31, 1919, and that it was entitled to take the loss in 1919. As an alternative it contended that if it was not entitled to the loss it should not be charged with the sum of $20,833.33, receipts from sale of lire.

At the final hearing petitioner changed its position as to the ownership of the lire and contended that petitioner did not own them at all, but that Paolo Cannizzaro owned them in his individual capacity and that therefore all reference to lire should be stricken from the accounts and returns and when so stricken the net income would be $10,689.23.

Without repetition of the facts or discussing the evidence, we are clearly of the opinion that the petitioner owned the lire and that Cannizzaro had no interest therein except as a stockholder in petitioner. There is no evidence that he ever paid a cent of the cost. He is not introduced as a witness, but in an affidavit filed herein September 18, 1928, plainly states that the transaction was a company transaction and does not claim that he was the owner of the lire. It was not shown why the lire were placed in his name on the Trust Co.'s books, but we regard it as immaterial. The petitioner paid for the lire and we think that the evidence establishes that the lire belonged to it. This being the case, we do not think the respondent erred in refusing to allow the loss on the sale of the lire, amounting to $25,042.10, which petitioner sought to deduct from the 1919 income-tax return. The loss on the lire did not occur until 1920 and therefore was not deductible in 1919. The deduction would have to be taken for 1920.

*Decision will be entered for the respondent.*